## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
## SOUTHERN DIVISION

| | | |
|---|---|---|
| DENISE GREEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. |
| vs. | ) | |
| | ) | |
| BRIDGEPORT FINANCIAL, INC. | ) | |
| d/b/a COLLECTAL ASSOCIATES, | ) | **JURY DEMAND ENDORSED HEREON** |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

NOW COMES the Plaintiff, DENISE GREEN, by and through her attorney, MITCHEL

E. LUXENBURG, and for her Complaint against the Defendant, BRIDGEPORT FINANCIAL,

INC. d/b/a COLLECTAL ASSOCIATES, Plaintiff alleges and states as follows:

### PRELIMINARY STATEMENT

1.      This is an action for actual and statutory damages for violations of the Fair Debt

Collection Practices Act (hereinafter the "FDCPA"), 15 U.S.C. § 1692, *et seq*., and the Maryland

Consumer Debt Collection Act (hereinafter the "MCDCA"), Md. Code, Com. Law § 14-201, *et*

*seq*.

### JURISDICTION AND VENUE

2.      Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692, *et seq*., and the MCDCA,

Md. Code, Com. Law § 14-201, *et seq*.  Venue lies properly in this district pursuant to 28 U.S.C.

§ 1391(b), as a substantial part of the events and omissions giving rise to the claim occurred

within this District.

## PARTIES

3.      Plaintiff is an individual who was at all relevant times residing in Silver Spring, Maryland.

4.      Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3) and a "person" as defined in Md. Code, Com. Law § 14-201 (d), as she is a natural person allegedly obligated to pay a debt.

5.      At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and as a "collector" within the meaning of Md. Code, Com. Law § 14-201(b), in that it held itself out to be a company collecting a consumer debt

6.      On information and belief, Defendant is a corporation of the State of California, which is licensed to do business in Maryland and which has its principal place of business in San Jose, California.

## COUNT I

(Violation of the Fair Debt Collection Practices Act)

7.      On or about March 1, 2009 Plaintiff began receiving phone calls from Defendant's representatives, including but not limited to Lynn (last name unknown), Debra (last name unknown), Charles (last name unknown), and Mr. Hernandez (first name unknown), regarding collection of the aforementioned alleged debt. These phone calls were harassing in nature, as Defendant's representatives routinely called Plaintiff more than five times during a single day, sometimes immediately after Plaintiff had just ended a conversation with Defendant's representative.  During many of the calls made by Defendant's representatives the identity of the representative was concealed or ambiguous, as Defendant's representatives failed to state that the communications were from a debt collector when talking to Plaintiff.

8.      Defendant's representatives repeatedly called Plaintiff at her place of employment.   This practice did not stop even after Plaintiff had advised Defendant's representatives that she was not allowed to take such telelphone calls while she was working.

9.      During one conversation, Defendant's representative threatened Plaintiff with arrest as a result of her inability to make payments on the alleged debt. Specifically, Mr. Hernandez alleged during a phone conversation with Plaintiff that she had committed fraud and that he could have her arrested.  Further, Mr. Hernandez threatened to have Plaintiff fired from her job by making a call to her employer and disclosing the alleged fraud that Plaintiff had committed.

10.     Despite this repeated telephone harassment, Defendant never submitted to Plaintiff any written notice of the alleged outstanding debt.

11.     In its attempts to collect the aforementioned alleged debt, Defendant violated the FDCPA in one or more of the following ways:

    a.      Communicating with Plaintiff at her place of employment after she advised Defendant that her employer prohibited her from receiving phone calls while she was at work, in violation of 15 U.S.C. § 1692c(a)(3);

    b.      Communicating with someone other than Plaintiff in connection with the collection of the alleged debt, in violation of 15 U.S.C. § 1692c(b);

    c.      Causing a telephone to ring or engaging Plaintiff in conversation repeatedly and continuously with the intent to annoy, abuse or harass her, in violation of 15 U.S.C. § 1692d(5);

    d.      Representing or implying that nonpayment of the alleged debt would result in the arrest or imprisonment of Plaintiff where such action was

unlawful and Defendant did not intend to take such action, in violation of 15 U.S.C. § 1692e(4);

e.      Threatening to take action that could not legally be taken and/or that was not intended to be taken, in violation of 15 U.S.C. § 1692e(5),

f.      Falsely representing or implying that Plaintiff committed a crime or other conduct in order to disgrace her, in violation of 15 U.S.C. § 1692e(7);

g.      Using a false, deceptive or misleading representation or mean in connection with the collection of the alleged debt or to obtain information about Plaintiff, in violation of 15 U.S.C. § 1692e(10);

h.      Failing to disclose in every communication with Plaintiff that the communication was from a debt collector, in violation of 15 U.S.C. § 1692e(11);

i.      Using a business, company or organization name other than the true name of Defendant's company, in violation of 15 U.S.C. § 1692e(14);

j.      Failing to send the written notice to Plaintiff which is required by 15 U.S.C. § 1692g(a); and

k.      By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

12.     As a result of Defendant's violations as aforesaid, Plaintiff has suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, DENISE GREEN, respectfully prays for a judgment as follows:

a.      All actual compensatory damages suffered;

b.      Statutory damages of $1,000.00 for each violation of the FDCPA;

4

c.    All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

d.    Any other relief deemed appropriate by this Honorable Court.

## COUNT II

(Violation of the Maryland Consumer Debt Collection Act)

13.    Plaintiff hereby adopts, re-alleges and incorporates by reference all allegations set forth above as though fully rewritten here.

14.    In its attempts to collect the aforementioned alleged debt, Defendant violated the MCDCA in one or more of the following ways:

a.    Communicating with Plaintiff at her place of employment after she advised Defendant that her employer prohibited her from receiving phone calls while she was at work, in violation of Md. Code, Com. Law § 14-202(6);

b.    Communicating with someone other than Plaintiff in connection with the collection of the alleged debt, in violation of Md. Code, Com. Law § 14-202;

c.    Causing a telephone to ring or engaging Plaintiff in conversation repeatedly and continuously with the intent to annoy, abuse or harass her, in violation of Md. Code, Com. Law § 14-202(6);

d.    Representing or implying that nonpayment of the alleged debt would result in the arrest or imprisonment of Plaintiff, where such action was unlawful and Defendant did intend to take such action, in violation of Md. Code, Com. Law § 14-202(8);

     e.     Threatening to take action that could not legally be taken and/or that was not intended to be taken, in violation of Md. Code, Com. Law § 14-202(8);

     f.     Falsely representing or implying that Plaintiff committed a crime or other conduct in order to disgrace her, in violation of Md. Code, Com. Law § 14-202(2); and

     g.     By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the MCDCA.

15.     As a result of Defendant's violations as aforesaid, Plaintiff has suffered and continue to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, DENISE GREEN, respectfully prays for judgment against Defendant as follows:

     a.     All actual compensatory damages suffered;

     b.     All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

     d.     Any other relief deemed appropriate by this Honorable Court.

## JURY DEMAND

Pursuant to Civil Rule 38, Plaintiff hereby demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of her claims in this action.

Respectfully Submitted,

/s/ Mitchel E. Luxenburg
Mitchel E. Luxenburg (29092)
Attorney for Plaintiff
23240 Chagrin Blvd.
Suite 601
Beachwood, OH 44122
(888) 595-9111, ext. 712 (phone)
(866) 382-0092 (facsimile)
Mitch@LuxenburgLevin.com